FILED
U.S. District Court
District of Kansas

APR 2 0 2026

Clerk, U.S. District Court
By_____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## WICHITA DIVISION

CRAYTON ADMINISTRATIVE TRUST,   Case No. 6:26-cv-1093-EFM-BGS

LARRY DARNELL CRAYTON, TRUSTEE,

    Plaintiff,

v.   COMPLAINT FOR DAMAGES

WEBBANK; FINGERHUT/BLUESTEM BRANDS, INC.;

LVNV FUNDING LLC; RESURGENT CAPITAL

SERVICES LP; EXPERIAN INFORMATION

SOLUTIONS, INC.; TRANSUNION LLC; and

EQUIFAX INFORMATION SERVICES LLC,

    Defendants.

*place of Trial*
*Wichita KS.*

**VIOLATIONS: 15 U.S.C. § 1681 et seq. (FCRA); 15 U.S.C. § 1692 et seq. (FDCPA)**

### COMPLAINT

Plaintiff Crayton Administrative Trust, Larry Darnell Crayton, Trustee, appearing pro se, brings this action against Defendants for willful and negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1681p (FCRA jurisdiction), and 15 U.S.C. § 1692k(d) (FDCPA jurisdiction).

2. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district and a substantial part of the events giving rise to this claim occurred here.

### II. PARTIES

3. Plaintiff Crayton Administrative Trust (EIN 38-7358257) is a trust organized under the laws of Kansas, with Larry Darnell Crayton as Trustee, with an address of c/o 1555 W 23rd Street N, #122, Wichita, Kansas 67204.

4. Defendant WebBank is a Utah-chartered industrial bank that issues credit on behalf of Fingerhut/Bluestem Brands, Inc.

5. Defendant Fingerhut/Bluestem Brands, Inc. is a consumer catalog retailer that offered credit through WebBank, and is a "furnisher" of information to consumer reporting agencies as defined by 15 U.S.C. § 1681s-2.

6. Defendant LVNV Funding LLC is a debt buyer and "furnisher" of consumer credit information as defined by the FCRA, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Resurgent Capital Services LP is the servicer for LVNV Funding LLC and acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Experian Information Solutions, Inc. is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9. Defendant TransUnion LLC is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

10. Defendant Equifax Information Services LLC is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## III. FACTUAL ALLEGATIONS

11. On or about December 2, 2019, a Fingerhut/WebBank account was fraudulently opened in Plaintiff's name without Plaintiff's knowledge, authorization, or consent.

12. At the time the account was allegedly opened on December 2, 2019, Plaintiff was physically present in the Republic of the Philippines and could not have applied for or opened any credit account in the United States.

13. Plaintiff's daughter, Larissa Marie Crayton, was born on December 20, 2019 in the Republic of the Philippines. Plaintiff was present at the birth and signed the official birth certificate, establishing Plaintiff's physical presence in the Philippines throughout December 2019.

14. Plaintiff submitted documentary evidence of his Philippine presence, including the birth certificate of Larissa Marie Crayton bearing Plaintiff's signature, to Defendants as proof that the account was fraudulently opened.

15. Despite receiving this conclusive evidence of fraud, Defendant Fingerhut/WebBank conducted a purported fraud investigation, closed the investigation claiming "no unauthorized use" was found, and continued to report the fraudulent account to all three major credit bureaus.

16. Defendant LVNV Funding LLC subsequently purchased the fraudulent debt and also reported it to all three major credit bureaus, resulting in double-reporting of the same fraudulent account — once by WebBank/Fingerhut and once by LVNV Funding.

17. Plaintiff filed a CFPB complaint, assigned Complaint Number 241211-17382469, regarding the fraudulent account and the failure of Defendants to investigate and correct the reporting.

18. Plaintiff received a denial letter from Fingerhut dated December 18, 2024, confirming that despite the evidence submitted, Fingerhut maintained its position that the account was valid.

19. Plaintiff timely disputed the fraudulent account with all three Defendant credit bureaus — Experian, TransUnion, and Equifax — via certified mail, providing documentary evidence including Larissa Marie Crayton's birth certificate proving Plaintiff's presence in the Philippines in December 2019.

20. Despite receiving proper FCRA disputes, the credit bureau Defendants failed to conduct reasonable investigations, failed to delete the fraudulent tradeline, and continued to report the inaccurate and fraudulent information.

21. Defendant Experian rejected Plaintiff's dispute claiming it "did not appear to be sent directly by you," without conducting any substantive investigation.

22. As a direct and proximate result of the fraudulent reporting by WebBank/Fingerhut and LVNV Funding LLC appearing on Plaintiff's credit reports, Plaintiff has been denied credit by multiple financial institutions. These institutions cited the two fraudulent negative accounts as specific reasons for denial.

23. Between December 2024 and March 2025, multiple auto dealerships and financial institutions ran unauthorized hard inquiries on Plaintiff's credit report without Plaintiff's knowledge or consent, in violation of FCRA § 1681b(f). These unauthorized inquiries further damaged Plaintiff's credit score and were precipitated by the fraudulent reporting.

24. Plaintiff had a prior case, No. 6:25-cv-01061-HLT-GEB, dismissed without prejudice on March 19, 2026, and now refiles this action in the name of Crayton Administrative Trust with additional evidence and claims.

## IV. CAUSES OF ACTION

### COUNT I — FCRA § 1681s-2(b): Willful Failure to Investigate

**(Against WebBank/Fingerhut and LVNV Funding LLC)**

25. Plaintiff incorporates all preceding paragraphs by reference.

26. Upon receiving notice of Plaintiff's disputes from the credit bureaus, Defendants WebBank/Fingerhut and LVNV Funding LLC were required by 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation of the disputed information.

27. Defendants received Plaintiff's documentary evidence, including the Philippine birth certificate proving Plaintiff's physical presence overseas when the account was fraudulently opened, yet willfully failed to conduct a reasonable investigation and continued to report the fraudulent account.

28. This constitutes a willful violation of FCRA § 1681s-2(b), entitling Plaintiff to statutory damages under 15 U.S.C. § 1681n, actual damages, punitive damages, and attorney's fees.

### COUNT II — FCRA § 1681e(b): Failure to Follow Reasonable Procedures

**(Against Experian, TransUnion, and Equifax)**

29. Plaintiff incorporates all preceding paragraphs by reference.

30. Defendants Experian, TransUnion, and Equifax failed to follow reasonable procedures to assure maximum possible accuracy of consumer credit information as required by 15 U.S.C. § 1681e(b).

31. Despite receiving Plaintiff's disputes with documentary proof of fraud, Defendants continued reporting the fraudulent tradelines without conducting reasonable investigations.

32. These violations entitle Plaintiff to damages under 15 U.S.C. § 1681n and § 1681o.

### COUNT III — FCRA § 1681i: Failure to Properly Investigate Disputes

**(Against Experian, TransUnion, and Equifax)**

33. Plaintiff incorporates all preceding paragraphs by reference.

34. Upon receiving Plaintiff's written disputes, Defendants were required by 15 U.S.C. § 1681i to conduct a reasonable reinvestigation within 30 days and delete or correct any information found to be inaccurate, incomplete, or unverifiable.

35. Defendants failed to conduct reasonable reinvestigations and failed to delete or correct the fraudulent tradelines despite receiving conclusive evidence of fraud.

36. Defendant Experian specifically rejected Plaintiff's dispute without conducting any reinvestigation whatsoever.

## COUNT IV — FCRA § 1681b(f): Unauthorized Credit Inquiries

**(Against Auto Dealership Defendants and Financial Institutions)**

37. Plaintiff incorporates all preceding paragraphs by reference.

38. Between December 2024 and March 2025, multiple entities obtained Plaintiff's consumer credit report without a permissible purpose as defined by 15 U.S.C. § 1681b and without Plaintiff's written authorization, in violation of 15 U.S.C. § 1681b(f).

39. Each unauthorized hard inquiry constitutes a separate violation of the FCRA, entitling Plaintiff to statutory damages of up to $1,000 per violation under 15 U.S.C. § 1681n.

## COUNT V — FDCPA § 1692e: False and Misleading Representations

**(Against LVNV Funding LLC and Resurgent Capital Services LP)**

40. Plaintiff incorporates all preceding paragraphs by reference.

41. Defendants LVNV Funding LLC and Resurgent Capital Services LP are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

42. By attempting to collect a debt that was fraudulently created and reporting it to credit bureaus as a valid obligation, Defendants made false, deceptive, and misleading representations in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e.

43. Plaintiff is entitled to statutory damages of up to $1,000, actual damages, and attorney's fees under 15 U.S.C. § 1692k.

## COUNT VI — FDCPA § 1692f: Unfair Practices

**(Against LVNV Funding LLC and Resurgent Capital Services LP)**

44. Plaintiff incorporates all preceding paragraphs by reference.

45. Defendants' continued attempts to collect a fraudulent debt and continued reporting of said debt to credit bureaus after receiving proof of fraud constitute unfair and unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Crayton Administrative Trust, Larry Darnell Crayton, Trustee, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

a. Actual damages in an amount to be proven at trial;

b. Statutory damages of $1,000 per violation under 15 U.S.C. § 1681n and § 1692k;

c. Punitive damages under 15 U.S.C. § 1681n for willful violations;

d. An order directing all Defendant credit bureaus to permanently delete the fraudulent WebBank/Fingerhut and LVNV Funding tradelines from Plaintiff's credit reports;

e. An order directing all Defendants to cease collection and reporting of the fraudulent debt;

f. Costs of this action;

g. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

## VERIFICATION

I, Larry Darnell Crayton, Trustee of the Crayton Administrative Trust, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

**Larry Darnell Crayton, Trustee**

Crayton Administrative Trust

EIN: 38-7358257

c/o 1555 W 23rd Street N, #122

Wichita, Kansas 67204

Pro Se Plaintiff

Date: April 20, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I filed the foregoing Complaint with the Clerk of the United States District Court for the District of Kansas, and that service will be effectuated upon all Defendants pursuant to Federal Rule of Civil Procedure 4.

**Larry Darnell Crayton, Trustee**

Date: April 20, 2026