# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LARRY DARNELL CRAYTON,

    Plaintiff,

    v.

WEBBANK, et al.,

    Defendants.

Case No. 26-1093-EFM-BGS

## MEMORANDUM AND ORDER DENYING
## MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on Plaintiff Larry Darnell Crayton's Motion for Appointment of Counsel (Doc. 36). Plaintiff proceeds pro se and in forma pauperis in this action asserting claims under the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA") arising from an allegedly fraudulent consumer credit account. For the reasons explained below, the motion is denied.

There is no constitutional right to appointed counsel in civil cases. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to request an attorney to represent an indigent party. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). The decision whether to appoint counsel is left to the Court's sound discretion. *See Lyons v. Kyner*, 367 F. App'x 878, 883 n.9 (10th Cir. 2010).

In exercising that discretion, the Court considers several factors, including: (1) the merits of the party's claims; (2) the nature and complexity of the factual and legal issues; and (3) the party's ability to investigate the facts and present the claims without counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court also considers the party's ability to afford

1

counsel and whether the party has made a diligent effort to retain an attorney. *See Hasenbank v. Gronniger*, No. 20-4082-JTM-ADM, 2020 WL 8482984, at *1 (D. Kan. Dec. 21, 2020).

The fact that counsel might assist a litigant in presenting the strongest possible case does not, standing alone, justify appointment. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006). The Court is also mindful that § 1915(e)(1) does not provide for compensation of appointed counsel, and the pool of volunteer attorneys is limited. *Hasenbank*, 2020 WL 8482984, at *1. Accordingly, the Court must exercise its appointment power thoughtfully so that scarce resources are reserved for appropriate cases. *See Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

The present record does not warrant appointment. Plaintiff's in forma pauperis status indicates that he likely cannot afford to retain counsel. His motion also identifies six attorneys or law firms he contacted during May and June 2026 and states that each declined the matter or did not accept it. The descriptions are brief and do not show the extent to which Plaintiff conferred with each prospective attorney about the substance of the case, as opposed to merely making initial contact. But the Court assumes for purposes of this motion that Plaintiff's efforts satisfy the diligence consideration. *See Martinez v. Pickering*, No. 22-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022); *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021) (explaining that the Court typically requires a movant to confer with at least five attorneys, rather than merely contact them).

The remaining factors weigh against appointment. The merits of Plaintiff's claims are not sufficiently developed at this stage for the Court to conclude that they warrant volunteer counsel. Nor does the case presently involve unusually complex factual or legal issues. Although Plaintiff invokes two federal statutes and names several Defendants, his claims share a common factual core: an account allegedly opened without his authorization, the reporting of that account, his efforts to

dispute it, and Defendants' responses.  The motion identifies no unusual evidentiary or procedural obstacle that prevents Plaintiff from investigating those events or presenting his claims.

Plaintiff's filings also demonstrate his ability to present his position.  In response to the Court's screening concerns, Plaintiff filed a Third Amended Complaint that brings the claims in his individual capacity, withdraws requests for injunctive relief, organizes the allegations chronologically, identifies conduct attributable to particular Defendants, and separates his statutory claims.  *See* Doc. 10.  Those efforts show that Plaintiff can understand the Court's directives, gather relevant facts, and articulate the relief he seeks.  Although counsel could help Plaintiff present his strongest possible case, the same is true in virtually every pro se action and does not, by itself, justify appointment.  *See Steffey*, 461 F.3d at 1223.

Considering the relevant factors, Plaintiff has not carried his burden to show that appointment is warranted.  The Court therefore denies the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 36) is **DENIED.**

**IT IS SO ORDERED**.

Dated August 5, 2026, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge

3